| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|

**TRANSFER OF JURISDICTION** ~~FILED~~

APR 11 2016

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
_____ DEPUTY

DOCKET NUMBER *(Tran. Court)*
6:05CR0081-001

DOCKET NUMBER *(Rec. Court)*
**W16CR108**

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Johnny Floyd Crocker | Eastern District of Texas | Tyler |

| | NAME OF SENTENCING JUDGE U.S. District Judge Michael H. Schneider | |
|---|---|---|

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM May 13, 2014 | TO May 12, 2017 |
|---|---|---|

**OFFENSE**
Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)
Possession of Material Involving the Sexual Exploitation of Minor, 18 U.S.C. § 2252(a)(4)(B)

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

United States District Court for the <u>Eastern District of Texas</u>

 IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Western District of Texas upon that Court's order of acceptance of jurisdiction.

| 4/8/16 | *Michael Schneider* |
|---|---|
| *Date* | *United States District Judge* |

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

United States District Court for the <u>Western District of Texas</u>

 IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| April 12, 2016 | |
|---|---|
| *Effective Date* | *United States District Judge* |

## U.S. District Court [LIVE]
## Eastern District of TEXAS (Tyler)
## CRIMINAL DOCKET FOR CASE #: 6:05-cr-00081-MHS-JKG-1

Case title: USA v. Crocker et al                    Date Filed: 09/13/2005
Magistrate judge case number: 6:05-mj-00072-HWM      Date Terminated: 09/12/2006

Assigned to: Judge Michael H.
Schneider
Referred to: Magistrate Judge Judith K.
Guthrie

### Defendant (1)

**Johnny Floyd Crocker**             represented by  **Dannis Ray Hurst**
*TERMINATED: 09/12/2006*                            Attorney at Law
                                                    115 W. Ferguson
                                                    Tyler, TX 75202
                                                    903/595-1911
                                                    Fax: 9035951914
                                                    Email: danrhurst@outlook.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: CJA Appointment*

### Pending Counts                              ### Disposition

USE CARRYING AND POSSESSION
OF A FIREARM DURING AND IN
FURTHERANCE OF A DRUG                           Dismissed on motion of Government
TRAFFICKING CRIME
(8-9)

FELON IN POSSESSION OF A                        Imprisonment for a term of 120 months;
FIREARM                                         fine waived; supervised release 3 years;
(11)                                            $100 special assessment

### Highest Offense Level (Opening)

Felony

### Terminated Counts                           ### Disposition

CONSPIRACY TO POSSESS WITH
INTENT TO DISTRIBUTE                            Dismissed on motion of Government
CONTROLLED SUBSTANCE
(1)

POSSESSION WITH INTENT TO

DISTRIBUTE AND DISTRIBUTION
OF METHAMPHETAMINE
(3-6)

Dismissed on motion of Government

TRANSFER OF A FIREARM IN
VIOLATION OF NATIONAL
FIREARMS ACT
(10)

Dismissed on motion of Government

FELON IN POSSESSION OF A
FIREARM
(12-13)

Dismissed on motion of Government

## Highest Offense Level (Terminated)

Felony

## Complaints

21:841A=ND.F, 21:846=CM.F,
18:924C.F

## Disposition

## Plaintiff

USA

represented by **Gregg Arthur Marchessault**
US Attorney's Office
110 N College
Suite 700
Tyler, TX 75702
903/590-1400
Fax: 9035901439
Email: gregg.marchessault@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 08/23/2005 | 1 | ☐ | COMPLAINT as to Johnny Floyd Crocker (1). (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/23/2005 | 2 | | E-GOV SEALED Arrest Warrant Issued by H. W. McKee in case as to Johnny Floyd Crocker. (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/26/2005 | 3 | ☐ | Minute Entry for proceedings held before Judge H. W. McKee :Initial Appearance as to Johnny Floyd Crocker held on 8/26/2005. Dft advised of his rights. Dft requested court appointed counsel. Dft placed unde oath and examined re: financial status. Court declares dft eligible and appoints Dan Hurst. Govt. moves for detention. Detention/Preliminary Hearing ser |

| | | | |
|---|---|---|---|
| | | | for 8/31/2005 at 11:00. Dft remanded to the custody of the US Marshal. (Court Reporter M. Morris.) (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/26/2005 | | | Arrest of Johnny Floyd Crocker (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/26/2005 | 4 | ☐ | MOTION for Detention by USA as to Johnny Floyd Crocker. (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/26/2005 | 5 | ☐ | MOTION to Continue Detention Hearingby USA as to Johnny Floyd Crocker. (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/26/2005 | 6 | ☐ | ORDER OF TEMPORARY DETENTION as to Johnny Floyd Crocker. Detention Hearing set for 8/31/2005 11:00 AM before Magistrate Judge H. W. McKee. Signed by Judge H. W. McKee on 8/26/2005. (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/26/2005 | 10 | ☐ | CJA 20 as to Johnny Floyd Crocker: Appointment of Attorney Dannis Ray Hurst for Johnny Floyd Crocker. Signed by Judge H. W. McKee on 8/26/2005. (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/06/2005) |
| 08/31/2005 | 7 | ☐ | Minute Entry for proceedings held before Judge H. W. McKee :Detention Hearing as to Johnny Floyd Crocker held on 8/31/2005, Preliminary Examination as to Johnny Floyd Crocker held on 8/31/2005. Dft waived detention and preliminary hearing. Dft remanded to the custody of the US Marshal. (Court Reporter M. Morris.) (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/31/2005 | 8 | ☐ | WAIVER of Preliminary Examination or Hearing by Johnny Floyd Crocker (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 08/31/2005 | 9 | ☐ | WAIVER of Detention Hearing by Johnny Floyd Crocker (mjm, ) [6:05-mj-00072-HWM] (Entered: 09/04/2005) |
| 09/13/2005 | 11 | ☑ | INDICTMENT as to Johnny Floyd Crocker (1) count(s) 1, 3-6, 8-9, 10, 11-13, David Mitchell Gross (2) count(s) 1, 2, 3-6, 7-9, 10. (rvw, ) (Entered: 09/14/2005) |
| 09/13/2005 | 12 | | E-GOV SEALED Form AO 257 filed as to Johnny Floyd Crocker (rvw, ) (Entered: 09/14/2005) |
| 09/13/2005 | 14 | | E-GOV SEALED Arrest Warrant Issued by Michael H. Schneider in case as to Johnny Floyd Crocker. (rvw, ) (Entered: 09/14/2005) |
| 09/16/2005 | | | Arrest of Johnny Floyd Crocker (rvw, ) (Entered: 09/19/2005) |
| 09/16/2005 | 16 | ☐ | Minute Entry for proceedings held before Judge Judith K. Guthrie : Allen Hurst for USA, Dan Hurst for Dft,Arraignment as to Johnny Floyd Crocker (1) Count 1,3-6,8-9,10,11-13 held on 9/16/2005, Initial Appearance as to Johnny Floyd Crocker held on 9/16/2005, Plea entered by Johnny Floyd Crocker Not Guilty on counts 1,3-6,8-9,10,11-13. Trial Scheduled for 11/7/2005 at 9:00, Dft Remanded to USM (Court Reporter |

| | | | |
|---|---|---|---|
| | | | TN.) (rvw, ) (Entered: 09/19/2005) |
| 09/16/2005 | <u>17</u> | ☐ | ORDER OF DETENTION PENDING TRIAL as to Johnny Floyd Crocker . Signed by Judge Judith K. Guthrie on 9/16/2005. (rvw, ) (Entered: 09/19/2005) |
| 09/16/2005 | <u>18</u> | ☐ | ORDER as to Johnny Floyd Crocker Plea Agreement due by 10/31/2005. Jury Selection set for 11/7/2005 09:00AM before Judge Michael H. Schneider. Jury Trial set for 11/7/2005 09:00 AM before Judge Michael H. Schneider. Pretrial Conference set for 11/2/2005 09:00 AM before Judge Michael H. Schneider.. Signed by Judge Judith K. Guthrie on 9/16/2005. (rvw, ) (Entered: 09/19/2005) |
| 09/16/2005 | <u>19</u> | ☐ | ORDER - Relating to Defenses Objections or Requests as to Johnny Floyd Crocker . Signed by Judge Judith K. Guthrie on 9/16/2005. (rvw, ) (Entered: 09/19/2005) |
| 09/16/2005 | <u>20</u> | ☐ | "ORDER FILED IN ERROR, PLEASE IGNORE" ORDER - PRETRIAL DISCOVERY & INSPECTION as to Johnny Floyd Crocker . Signed by Judge Judith K. Guthrie on 9/16/2005. (rvw, ) Modified on 9/19/2005 (rvw, ). (Entered: 09/19/2005) |
| 09/16/2005 | <u>25</u> | ☐ | ORDER - PRETRIAL DISCOVERY & INSPECTION as to Johnny Floyd Crocker . Signed by Judge Judith K. Guthrie on 9/16/05. (fnt, ) (Entered: 09/21/2005) |
| 09/23/2005 | <u>27</u> | ☐ | Warrant Warrant Returned Executed on 9/16/2005 in case as to Johnny Floyd Crocker. (rvw, ) (Entered: 09/23/2005) |
| 10/17/2005 | <u>28</u> | ☐ | NOTICE OF PLEA AGREEMENT as to Johnny Floyd Crocker. (Marchessault, Gregg) (Entered: 10/17/2005) |
| 12/05/2005 | <u>30</u> | ☐ | NOTICE OF HEARING as to Johnny Floyd Crocker Change of Plea Hearing set for 12/8/2005 03:00 PM before Magistrate Judge Judith K. Guthrie in TYLER, Texas. (tln, ) (Entered: 12/05/2005) |
| 12/08/2005 | <u>32</u> | ☐ | Minute Entry for proceedings held before Judge Judith K. Guthrie : Gregg Marchessault for USA, Dan Hurst for Dft,Change of Plea Hearing as to Johnny Floyd Crocker held on 12/8/2005, Plea entered by Johnny Floyd Crocker (1) Guilty Count 11. Plea Agreement Filed,Dft Remanded to USM (Court Reporter T N.) (rvw, ) (Entered: 12/09/2005) |
| 12/08/2005 | <u>33</u> | ☐ | CONSENT to Administration of Guilty Plea and Fed.R.Crim.P.11 Allocution by U.S. Magistrate Judge by Johnny Floyd Crocker (rvw, ) (Entered: 12/09/2005) |
| 12/08/2005 | <u>34</u> | ☐ | PLEA AGREEMENT as to Johnny Floyd Crocker (rvw, ) (Entered: 12/09/2005) |
| 12/08/2005 | <u>35</u> | ☐ | ADDENDUM TO PLEA AGREEMENT as to Johnny Floyd Crocker (rvw, ) (Entered: 12/09/2005) |
| 12/08/2005 | <u>36</u> | ☐ | ELEMENTS of the Offense by USA as to Johnny Floyd Crocker (rvw, ) |

| | | | (Entered: 12/09/2005) |
|---|---|---|---|
| 12/08/2005 | <u>37</u> | ☐ | Factual Resume by USA as to Johnny Floyd Crocker. (rvw, ) (Entered: 12/09/2005) |
| 12/08/2005 | <u>38</u> | ☐ | ORDER OF DETENTION PENDING SENTENCING as to Johnny Floyd Crocker . Signed by Judge Judith K. Guthrie on 12/8/2005. (rvw, ) (Entered: 12/09/2005) |
| 12/08/2005 | <u>39</u> | ☐ | FINDINGS OF FACT and Recommendation as to Johnny Floyd Crocker . Signed by Judge Judith K. Guthrie on 12/8/2005. (rvw, ) (Entered: 12/09/2005) |
| 01/03/2006 | <u>49</u> | ☐ | ORDER ADOPTING MAGISTRATE JUDGE'S FINDING OF FACT AND RECOMMENDATIONS ON FELONY GUILTY PLEA as to Johnny Floyd Crocker . Signed by Judge Michael H. Schneider on 1/3/06. (fnt, ) (Entered: 01/03/2006) |
| 07/12/2006 | <u>59</u> | ☐ | NOTICE OF HEARING as to Johnny Floyd Crocker Sentencing set for 9/8/2006 11:00 AM in Ctrm 102 (Tyler) before Judge Michael H. Schneider. (lgp, ) (Entered: 07/12/2006) |
| 09/08/2006 | <u>60</u> | ☐ | Minute Entry for proceedings held before Judge Michael H. Schneider :Sentencing held on 9/8/2006 for Johnny Floyd Crocker (1), Count(s) 1, 10, 12-13, 3-6, 8-9, Dismissed on motion of Government; Count(s) 11, Imprisonment for a term of 120 months; fine waived; supervised release 3 years; $100 special assessment. Defendant advised of right to appeal and court-appointed counsel. Defendant remanded to custody of USM. (Court Reporter Ron Mason.) (lgp, ) (Entered: 09/08/2006) |
| 09/08/2006 | <u>61</u> | | SEALED PRESENCE INVESTIGATION REPORT (Sealed) as to Johnny Floyd Crocker (lgp, ) (Entered: 09/08/2006) |
| 09/08/2006 | <u>62</u> | | SEALED PSI - SENTENCING RECOMMENDATION as to Johnny Floyd Crocker (lgp, ) (Entered: 09/08/2006) |
| 09/12/2006 | <u>63</u> | ☑ | JUDGMENT as to Johnny Floyd Crocker (1), Count(s) 1, 10, 12-13, 3-6, 8-9, Dismissed on motion of Government; Count(s) 11, Imprisonment for a term of 120 months; fine waived; supervised release 3 years; $100 special assessment . Signed by Judge Michael H. Schneider on 9/11/06. (fnt, ) (Entered: 09/12/2006) |
| 09/12/2006 | <u>64</u> | | SEALED Statement of Reasons re <u>63</u> Judgment. (fnt, ) (Entered: 09/12/2006) |
| 10/06/2006 | <u>65</u> | | SEALED CJA20 as to Johnny Floyd Crocker: Authorization to Pay Dan Hurst. Amount: $2,720.00, Voucher #061013000106. Signed by Judge Michael H. Schneider on 10/06/06. (bsp) (Entered: 11/03/2006) |
| 11/15/2006 | <u>66</u> | ☐ | Judgment Returned Executed as to Johnny Floyd Crocker on 10/30/06.Delivered to FCC Forrest Ct, Medium(fnt, ) (Entered: 11/16/2006) |

| 11/01/2007 | | | SPECIAL ASSESSMENT PAID in full on 11/01/07 by Johnny Floyd Crocker. Receipt #via BOP. (bsp) (Entered: 11/14/2007) |
|---|---|---|---|
| 11/03/2008 | 67 | ☐ | MOTION for Extension of Time to File Notice of Appeal by Johnny Floyd Crocker. (mjc ) (Entered: 11/07/2008) |
| 11/17/2008 | 68 | ☐ | ORDER denying 67 Motion for Extension of Time to File Notice of Appeal as to Johnny Floyd Crocker (1). Signed by Judge Michael H. Schneider on 11/13/08. (mjc ) (Entered: 11/17/2008) |

View Selected

or

Download Selected

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 04/12/2016 12:51:58 | | |
| PACER Login: | us4061:2653436:0 | Client Code: | pacer |
| Description: | Docket Report | Search Criteria: | 6:05-cr-00081-MHS-JKG |
| Billable Pages: | 4 | Cost: | 0.40 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:05CR81 |
| | § | Schneider / Giblin |
| JOHNNY FLOYD CROCKER (1) | § | |
| DAVID MITCHELL GROSS (2) | § | |

**FILED**
EASTERN DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 1 3 2005

DAVID J. MALAND, CLERK
BY
DEPUTY _____

**INDICTMENT**

The United States Grand Jury Charges:

**COUNT 1**

Violation: 21 U.S.C. § 846
(Conspiracy to possess with intent to distribute
methamphetamine)

Beginning at a date unknown to the Grand Jury and continuing thereafter through at least

August 26, 2005, in the Eastern District of Texas, and elsewhere, JOHNNY FLOYD CROCKER

and DAVID MITCHELL GROSS, Defendants herein, did knowingly and intentionally conspire,

confederate and agree together with each other and with others known and unknown to the Grand

Jury, to violate a law of the United States, to wit, 21 U.S.C. § 841(a)(1) prohibiting the knowing and

intentional possession with intent to distribute methamphetamine or a mixture or substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance, as hereafter

set forth.

Overt Acts

In furtherance of the unlawful conspiracy and in order to attain the objectives thereof, one

or more of the following acts were committed in the Eastern District of Texas:

1.        On or about July 26, 2005, in Upshur County, Texas, JOHNNY FLOYD CROCKER

and DAVID MITCHELL GROSS sold a weapon made from a Savage Arms, model #94, .20 gauge shotgun, serial number C709553 with a sawed off 8 inch barrel and an overall length of 12 ½ inches to an individual for $80.00.

2.      On or about July 29, 2005, in Upshur County, Texas, JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS distributed an amount of methamphetamine to an individual for $500.00.

3.      On or about August 1, 2005, in Upshur County, Texas, DAVID MITCHELL GROSS sold a Hi Point, .9mm handgun, model C9, serial number P191330 to an individual for $250.00.

4.      On or about August 1, 2005, in Upshur County, Texas, JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS distributed an amount of methamphetamine to an individual for $250.00.

5.      On or about August 10, 2005, in Upshur County, Texas, JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS distributed an amount of methamphetamine to an individual for $350.00.

6.      On or about August 12, 2005, in Upshur County, Texas, JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS sold a Bryco, model M-38 semi-automatic handgun with a serial number of 423679 and an amount of methamphetamine to an individual for $750.00.

7.      On or about August 26, 2005, in Upshur County, Texas, JOHNNY FLOYD CROCKER possessed the following: an amount of methamphetamine; a High Standard, model 10, code # 583.18, .16 gauge, bolt-action shotgun, with no serial number; and a set of electronic scales.

All in violation of 21 U.S.C. §§ 846 and 841(a)(1).

## COUNT 2

Violation:  21 U.S.C. § 841(a)(1)
(Possession with intent to distribute and distribution
of cocaine base (crack cocaine)).

On or about July 21, 2005, in Upshur County, Texas, in the Eastern District of Texas,

DAVID MITCHELL GROSS, Defendant herein, did knowingly and intentionally possess with

intent to distribute and distribute an amount of cocaine base (crack cocaine), a Schedule II

Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute and distribution
of methamphetamine)

On or about July 29, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS, Defendants herein,  did

knowingly and intentionally possess with intent to distribute and distribute an amount of

methamphetamine, a Schedule  II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT 4

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute and distribution
of methamphetamine)

On or about August 1, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS, Defendants herein,  did

knowingly and intentionally possess with intent to distribute and distribute an amount of

methamphetamine, a Schedule  II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute and distribution
of methamphetamine)

On or about August 10, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS, Defendants herein,  did

knowingly and intentionally possess with intent to distribute and distribute an amount of

methamphetamine, a Schedule  II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6

Violation: 21 U.S.C. § 841(a)(1)
(Possession with intent to distribute and distribution
of methamphetamine)

On or about August 12, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS, Defendants herein,  did

knowingly and intentionally possess with intent to distribute and distribute an amount of

methamphetamine, a Schedule  II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7

Violation: 18 U.S.C. § 924(c)
(Use, carrying and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about August 1, 2005, in Upshur County, Texas, in the Eastern District of Texas,

DAVID MITCHELL GROSS, Defendant herein, did knowingly and intentionally use and carry

and possess a firearm, to wit: a Hi Point, .9mm handgun, model C9, serial number P191330

during and in relation to and in furtherance of a felony drug trafficking crime for which he may

be prosecuted in a court of the United States, that is conspiracy to possess with intent to

distribute methamphetamine and possession with intent to distribute and distribution of

methamphetamine, all in violation of 21 U.S.C. §§ 846 and 841(a)(1), as alleged in Counts 1 and

4, all in violation of 18 U.S.C. § 924(c).

## COUNT 8

Violation: 18 U.S.C. § 924(c)
(Use, carrying and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about August 12, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS, Defendants herein, did

knowingly and intentionally use and carry and possess a firearm, to wit: a Bryco, model M-38

semi-automatic handgun with a serial number of 423679 during and in relation to and in

furtherance of a felony drug trafficking crime for which they may be prosecuted in a court of the

United States, that is conspiracy to possess with intent to distribute methamphetamine and

possession with intent to distribute and distribution of methamphetamine, all in violation of 21

U.S.C. §§ 846 and 841(a)(1), as alleged in Counts 1 and 6, all in violation of 18 U.S.C. § 924(c).

## COUNT 9

Violation: 18 U.S.C. § 924(c)
(Use, carrying and possession of a firearm
during and in furtherance of a drug trafficking
crime)

On or about August 26, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER, Defendant herein, did knowingly and intentionally use and carry

and possess firearms, to wit: a High Standard, model 10, code # 583.18, .16 gauge, bolt-action

shotgun, with no serial number, during and in relation to and in furtherance of a felony drug

trafficking crime for which he may be prosecuted in a court of the United States, that is

conspiracy to possess with intent to distribute methamphetamine, all in violation of 21 U.S.C. §§

846, as alleged in Count 1, all in violation of 18 U.S.C. § 924(c).

## COUNT 10

Violation: 26 U.S.C. § 5861(e)
(Transfer of a firearm in violation of National
Firearms Act)

On or about July 26, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS, Defendants herein,

knowingly and unlawfully transferred a firearm, a weapon made from a Savage Arms, model

#94, .20 gauge shotgun, serial number C709553 with a sawed off 8 inch barrel and an overall

length of 12 ½ inches, to an individual, in violation of 26 U.S.C. §§ 5812, 5861(e), and 5871.

## COUNT 11

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about July 26, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER, Defendant herein, having been convicted of a crime punishable

by imprisonment for a term exceeding one year, to wit:

> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-637, in the 114th District Court of Smith
> County, Texas on January 1, 1995;
>
> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-638, in the 114th District Court of Smith
> County, Texas on January 1, 1995; and
>
> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-639, in the 114th District Court of Smith
> County, Texas on January 1, 1995,

did knowingly and unlawfully possess in and affecting commerce, a firearm, to wit: a weapon

made from a Savage Arms, model #94, .20 gauge shotgun, serial number C709553 with a sawed

off 8 inch barrel and an overall length of 12 ½ inches, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2) and 924(e)(1).

## COUNT 12

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about August 12, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER, Defendant herein, having been convicted of a crime punishable

by imprisonment for a term exceeding one year, to wit:

> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-637, in the 114th District Court of Smith
> County, Texas on January 1, 1995;
>
> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-638, in the 114th District Court of Smith
> County, Texas on January 1, 1995; and
>
> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-639, in the 114th District Court of Smith
> County, Texas on January 1, 1995,

did knowingly and unlawfully possess in and affecting commerce, a firearm, to wit: a Bryco,

model M-38 semi-automatic handgun with a serial number of 423679, in violation of 18 U.S.C.

§§ 922(g)(1), 924(a)(2) and 924(e)(1).

## COUNT 13

Violation: 18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about August 26, 2005, in Upshur County, Texas, in the Eastern District of Texas,

JOHNNY FLOYD CROCKER, Defendant herein, having been convicted of a crime punishable

by imprisonment for a term exceeding one year, to wit:

> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-637, in the 114th District Court of Smith
> County, Texas on January 1, 1995;
>
> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-638, in the 114th District Court of Smith
> County, Texas on January 1, 1995; and
>
> Delivery of a Controlled Substance - Methamphetamine, a felony,
> in cause Number 4-95-639, in the 114th District Court of Smith
> County, Texas on January 1, 1995,

did knowingly and unlawfully possess in and affecting commerce, a firearm, to wit: a High

Standard, model 10, code # 583.18, .16 gauge, bolt-action shotgun, with no serial number, in

violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1).

A TRUE BILL,

_9/13/05_
Date

_Allen S. Mishel  Deputy foreperson_
FOREPERSON OF THE GRAND JURY


MATTHEW D. ORWIG
UNITED STATES ATTORNEY

Gregg A. Marchessault
Assistant U.S. Attorney
Bar Card No. 12969400

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 3665

As the result of committing one or more of the foregoing offenses alleged in this

Indictment, JOHNNY FLOYD CROCKER and DAVID MITCHELL GROSS, Defendants

herein, shall forfeit to the United States of America pursuant to 21 U.S.C. § 853 and 18 U.S.C. §

3665 all firearms and ammunition subject to forfeiture based on the aforementioned statutes,

including but not limited to the following:

**Firearms and Ammunition**

1.    A Savage Arms, model #94, .20 gauge shotgun, serial number C709553 with a
      sawed off 8 inch barrel and an overall length of 12 ½ inches;

2.    A Hi Point, .9mm handgun, model C9, serial number P1913302;

3.    A Bryco, model M-38 semi-automatic handgun with a serial number of 423679;
      and

4.    A High Standard, model 10, code # 583.18, .16 gauge, bolt-action shotgun, with
      no serial number.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of
any act or omission of the defendant -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third
person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot
be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek

forfeiture of any other property of Defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by Defendant.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the

Defendants have in the above-described property is vested in the United States and hereby

forfeited to the United States pursuant to  21 U.S.C. § 853 and 18 U.S.C. § 3665.

## NOTICE OF PENALTY

### COUNT 1

| | |
|---|---|
| Violation: | 21 U.S.C. § 846 (Conspiracy to possess with intent to distributemethamphetamine) |
| Penalty: | A term of imprisonment for not more than 20 years, a fine not to exceed $1 million, or both - supervised release of at least 3 years. |
| | If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment for not more than 30 years, a fine not to exceed $2 million, or both - supervised release of at least 6 years. |
| Special Assessment: | $100.00 |

### COUNTS 2 - 6

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of cocaine base (crack cocaine) and Possession with intent to distribute and distribution of methamphetamine) |
| Penalty: | A term of imprisonment for not more than 20 years, a fine not to exceed $1 million, or both - supervised release of at least 3 years. |
| | If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment for not more than 30 years, a fine not to exceed $2 million, or both - supervised release of at least 6 years. |
| Special Assessment: | $100.00 |

## COUNTS 7 - 9

Violation:                18 U.S.C. § 924(c) (Use, carrying and possession of
                          a firearm during and in furtherance of a drug
                          trafficking crime)

Penalty:                  Imprisonment for 5 years which must be served
                          consecutively to any other term of imprisonment, a
                          fine not to exceed $250,000, and supervised release
                          of not more than 3 years.

                          In the case of a second or subsequent conviction, the
                          person shall be sentenced to a term of imprisonment
                          of not less than 25 years.

Special Assessment:       $100.00

## COUNT 10

Violation:                Violation: 26 U.S.C. § 5861(e) (Transfer of a
                          firearm in violation of National Firearms Act)

Penalty:                  A term of imprisonment for not more than 10 years,
                          a fine not to exceed $10,000, or both - supervised
                          release of at least 3 years.

Special Assessment:       $100.00

## COUNTS 11 - 13 .

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) |

Penalty:

A fine of not more than $250,000.00; imprisonment for not more than ten (10) years, or both; plus a term of supervised release of not more than three (3) years.  18 U.S.C. § 924(a)(2).

If a defendant has three previous convictions by any court referred to in section 922(g)(1) of Title 18 for a violent felony or a serious drug offense, or both, committed on occasions different from one another, said defendant shall be fined not more than $25,000.00 and imprisoned not less than fifteen (15) years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). 18 U.S.C. § 924(e)(1).

Special Assessment:                    $100.00

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# United States District Court

## EASTERN DISTRICT OF TEXAS
### Tyler

UNITED STATES OF AMERICA

V.

JOHNNY FLOYD CROCKER

### JUDGMENT IN A CRIMINAL CASE

Case Number:   6:05CR00081-001

USM Number:   12749-078

Dan R. Hurst
_____
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)     11 of the Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 922(g)(1) | Felon in Possession of a Firearm | 07/26/2005 | 11 |

The defendant is sentenced as provided in pages 2 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   1, 3-6, 8-10, 12, 13 of the Indict.     ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/8/2006
_____
Date of Imposition of Judgment


_____
Signature of Judge

Michael H. Schneider

United States District Judge
_____
Name and Title of Judge


_____
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page   2   of   6

DEFENDANT:  JOHNNY FLOYD CROCKER
CASE NUMBER:  6:05CR00081-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 120 months

The term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment pursuant to the judgment in Docket No. 6:06cr26(01), Eastern District of Texas.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant participate in an appropriate substance abuse treatment program, if eligible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

| Judgment—Page | 3 | of | 6 |
| --- | --- | --- | --- |

DEFENDANT:  JOHNNY FLOYD CROCKER
CASE NUMBER:  6:05CR00081-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **3 years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
                    Sheet 3A — Supervised Release

DEFENDANT:   JOHNNY FLOYD CROCKER
CASE NUMBER:   6:05CR00081-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

DEFENDANT:  JOHNNY FLOYD CROCKER
CASE NUMBER:  6:05CR00081-001

| | Judgment — Page | 5 | of | 6 |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHNNY FLOYD CROCKER
CASE NUMBER: 6:05CR00081-001

Judgment — Page __6__ of __6__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ __100.00__ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to:
the U.S. District Court. Fine & Restitution Section. P.O. Box 570. Tyler. TX 75710.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

  Savage Arms, model #94, .20 gauge shotgun, serial number C709553 with a sawed off 8-inch barrel and an overall length of 12-1/2 inches; a Hi Point, .9mm handgun, model C9, Serial No. P1913302; a Bryco, model M-38 semi-automatic handgun with a serial No. 423679; and a High Standard, Model 10, Code #583.18, .16 gauge bolt-action shotgun with no serial number.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.